UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FRANK BIALY, HENRY BORKOWSKI, | 04-CV-0980E(Sc) |
| GRACE CAMPANELLA, ANDREW CZARNECKI, | |
| RAYMOND DUGGAN, JOHN FIJOL, | |
| ROGER GOETZ, ELROY GRAF, | |
| NANCY GRIFFIN, ROBERT HERDLE, | MEMORANDUM |
| ROBERT LADOWSKI, JOHN LEGLER, | |
| JOHN LEITTEN, VINCENT MAHONEY, | and |
| DOROTHY MORAN, WILLIAM ORLUK, | |
| JOHN O'SULLIVAN, MARIE PAA, | ORDER[1] |
| FREDERICK PARKER, MARY PIEBER, | |
| MORTON SENSENEY, JOSEPH SIMPSON, | |
| LUCY SLIWINSKI, ELMER SMITH, | |
| JOHN DOES 1-20 and JANE DOES 1-20, | |

       Plaintiffs,

-vs-

HONEYWELL INTERNATIONAL INC.

       Defendant.

---

Plaintiffs commenced this action on September 3, 2004 in the New York State Supreme Court, County of Erie, against defendants Buffalo Color Corporation ("BCC")[2] and Honeywell International, Inc. ("Honeywell"). On December 8, 2004, Honeywell removed this action to this Court claiming that the Court has original jurisdiction because the action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. Plaintiffs allege breach of contract, negligence and fraudulent misrepresentation arising out of a claimed loss

---

[1]This decision may be cited in whole or in any part.

[2]BCC had filed for Chapter 11 Bankruptcy prior to the commencement of this action. As such, plaintiffs dismissed the action against BCC on January 13, 2005.

of benefits under various employee benefit plans. On December 10, 2004, Honeywell moved to dismiss the action alleging that plaintiffs' claims fail under ERISA. On January 28, 2005, plaintiffs moved to remand the action back to state court and for costs and attorney's fees on the grounds that they are not seeking recovery under ERISA and thus this Court lacks subject matter jurisdiction. For the reasons set forth below, Honeywell's motion will be denied, plaintiffs' motion will be granted in part and denied in part and the case will be remanded to state court.

The facts are found as follows — as alleged in plaintiffs' Complaint — and are undisputed for purposes of the pending motions. Plaintiffs were employees of Allied Chemical Corporation ("Allied") in 1977 when the dye plant where they worked was sold to BCC. Plaintiffs allege that, before the June 7, 1977 sale, Allied entered into a contract with plaintiffs in which plaintiffs agreed to leave Allied and join BCC so long as they received the same benefits of employment — including retirement and medical benefits — as they would have had they not left Allied. Plaintiffs allege that they were not provided the same benefits.

In May 1999, BCC informed plaintiffs that it would reduce its contributions to employee medical benefits and, by March 2002, BCC had stopped all medical contributions. In 2002, BCC had also failed to make payments into the employees' pension fund. In May 2003, plaintiffs were informed that their pension benefits were being terminated due to BCC's failure to make required contributions.

Plaintiffs demanded that Honeywell — as successor to Allied — provide them with benefits.  Honeywell refused and plaintiffs commenced this action in state court.

Plaintiffs maintain that Honeywell, *inter alia*, (1) wrongfully denied plaintiffs medical, severance and pension benefits to which plaintiffs were entitled, (2) is responsible for alleged fraudulent misrepresentations concerning plaintiffs' expected benefits under various employee benefit plans and (3) is liable for the negligent failure to ensure that said benefits were provided to them.  Honeywell, in removing this action, asserts that, although plaintiffs have labeled their claims as common law causes of action, the claims are all governed by the comprehensive remedial scheme provided by ERISA and thus removal is appropriate.  Plaintiffs move to remand maintaining that their claims are not preempted by ERISA because, *inter alia*, their claims do not fall within ERISA's civil enforcement provisions and thus the Court lacks jurisdiction.  The Court will find its lack of jurisdiction over this action and will remand the case without addressing Honeywell's motion to dismiss.

A defendant in a civil action may remove to federal court any case over which a district court has original jurisdiction, 28 U.S.C. §1441(a), including any action that arises under federal law, 28 U.S.C. §1331.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §1447(c).  The removal statute is to be construed strictly because of its mandatory language and the significant

federalism concerns raised by removal jurisdiction. *Shamrock Oil & Gas Corp.* v. *Sheets*, 313 U.S. 100, 108-109 (1941).  Honeywell asserts that this Court has jurisdiction because plaintiffs' causes of action are preempted by ERISA.

A federal defense — including the defense of preemption — is not grounds for removal unless Congress mandates "complete preemption" in a specific area of the law, such as is the case with regard to ERISA preemption. *Plumbing Indus. Bd.* v. *E.W. Howell Co., Inc.*, 126 F.3d 61, 66 (2d Cir. 1997) ("[W]hen Congress mandates 'complete preemption' in a specific area of the law, any civil complaint raising a state law claim in [a preempted] area is of necessity so federal in character that it arises under federal law for purposes of 28 U.S.C. § 1331 and permits removal to federal court under 28 U.S.C. § 1441.") (citing *Metropolitan Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 63-67 (1987)).

ERISA preemption provides a valid basis for removal jurisdiction only if the state law causes of action are (1) preempted by ERISA and are (2) "within the scope" of the civil enforcement provisions of ERISA Section 502(a), 29 U.S.C. §1132(a). *Ibid* (citations omitted).  Assuming *arguendo* that plaintiffs' claims are preempted by ERISA, they are not within the scope of ERISA's civil enforcement provisions and thus removal jurisdiction is not valid.

"A suit need not be a cognizable, winning claim under § 502(a) in order to fall 'within the scope' of the provision for purposes of the jurisdiction analysis." *Id.* at 69. "ERISA's civil enforcement provisions, set forth in 29 U.S.C. § 1132,

formulate a specific remedial scheme and prescribe a detailed but limited list of civil actions contemplated under the statute[.]" *Atlantis Health Plan, Inc.* v. *Local 713, I.B.O.T.U.*, 258 F. Supp. 2d 284, 294 (S.D.N.Y. 2003). Section 502(a)(1)(B) of ERISA limits those who can bring civil actions to participants or beneficiaries. 29 U.S.C. §1132(a)(1)(B). The Supreme Court has construed Section 502 narrowly to allow only the stated categories of parties to sue directly for relief under ERISA. *See Franchise Tax Bd. of Cal.* v. *Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983); *Nechis* v. *Oxford Health Plans, Inc.*, 421 F.3d 96, 100-101 (2d Cir. 2005). Plaintiffs do not qualify as participants who can sue for relief under ERISA and hence are not within the scope of ERISA's civil enforcement provisions.

ERISA defines a "participant" as "any employee or former employee of an employer ∗∗∗ who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer". 29 U.S.C. §1002(7). Honeywell admits that "[p]laintiffs are not entitled to benefits 'under the terms of' any of Honeywell's benefit plans". (Def.'s Mem. Opp'n Pls.' Cross-Mot. at 18.) By definition, therefore, plaintiffs are not participants in Honeywell's plans and thus their claims do not fit within the scope of ERISA's civil enforcement provisions.[3] Furthermore, the Second Circuit has held that participant status is terminated when coverage under a plan is terminated. *Nechis*, at 101 ("[Plaintiff]

---

[3] Honeywell, moreover, in support of its motion to dismiss, states as a headnote: "Plaintiffs Are Not Elligible Participants Under Honeywell's Employee Benefit Plans". (Def.'s Mem. Supp. Mot. Dismiss at 7.)

- 5 -

was not a participant when her complaint was filed; her complaint establishes that her employer ceased to pay premiums on her account \*\*\* and that her \*\*\* coverage was terminated \*\*\*."). Here, plaintiffs allege that BCC has ceased to pay contributions and that their pension benefits have been cancelled.  Thus, their coverage has been terminated and they are no longer participants in any pension plan.  Plaintiffs' failure to meet the requirements of Section 502(a) prevents their causes of action from falling within ERISA's civil enforcement provisions and thus such are not subject to removal pursuant to 28 U.S.C. §1441.  *See, e.g., Atlantis Health Plan*, at 295.  Accordingly, the Court does not have jurisdiction over this case and it must be remanded to state court for adjudication of plaintiffs' claims and any relevant defenses that Honeywell may raise.

Plaintiffs also argue that they should be awarded costs and attorney's fees in accordance with 28 U.S.C. §1447(c), which provides that an order remanding a case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of improper removal.  It is within the Court's discretion to determine whether, with or without a finding of bad faith, such an award is proper.  *Id.* at 296.  In this case, no such award is appropriate.  Plaintiffs' only reason for an award of attorney's fees is that they cannot afford "the costs of unnecessary litigation".  (Pls.'s Mem. Opp'n Def.'s Mot. Summ. J. at 22.)  Courts have, however, consistently held that ERISA actions are complex and that there are many "subtleties surrounding the reach of ERISA preemption".  *Ibid*; *see also*

*NYU Hosps. Ctr.-Tisch* v. *Local 348 Health & Welfare Fund*, 2005 WL 53261, at *4 (S.D.N.Y. 2005) ("There was a good faith basis for the jurisdictional contest, given the complexity of ERISA, and no particular reason has been advanced to change the general rule that each party should absorb its own expenses for attorneys."). As such, plaintiffs are not entitled to their costs and attorney's fees and the case will be remanded to state court without penalty to Honeywell for removing to federal court.

Accordingly, it is hereby **ORDERED** that the Clerk of this Court shall remand this case to the New York State Supreme Court, County of Erie, that the Clerk of this Court shall close this case in this Court and that the parties shall bear their own costs.

DATED:   Buffalo, N.Y.

January 17, 2006

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.